IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**QUINCEY BERNARD CARPENTER, #71028**                     **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO. 3:08-cv-162-HTW-LRA**

**MALCOLM MCMILLIAN**                               **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 when he was an inmate of the Hinds County Detention Center, Raymond, Mississippi. On March 17, 2008, an order was entered directing the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Plaintiff failed to comply with this Court's order. The order warned Plaintiff that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.

On May 15, 2008, an order [8] was entered directing the Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's March 17, 2008 order. In addition, Plaintiff was directed to comply with the Court's March 17, 2008 order by filing the required documentation, within fifteen days. The show cause order warned Plaintiff that his failure to keep this Court informed of his current address or his failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice. On May 28, 2008, the envelope containing the show cause order was returned by the postal service as undeliverable.

On June 13, 2008, a second order [10] was entered directing Plaintiff to show cause, on or before June 30, 2008, why this case should not be dismissed for his failure to comply with the Court's two previous orders.  The Plaintiff was also directed to comply with the Court's original order by filing the required documentation no later than June 30, 2008.  The Plaintiff was also warned in the second show cause order that failure to keep this Court informed of his current address or a failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further written notice.  On June 24, 2008, the envelope containing the show cause order was returned by the postal service as undeliverable.

Plaintiff has failed to comply with three court orders and he has failed to keep this Court informed of his current address.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Plaintiff has not provided a forwarding address nor has he contacted this Court since March 17, 2008.   The Court concludes that dismissal of this action for Plaintiff's failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the Defendant has not been called on to respond to the Plaintiff's

pleading, and the Court has not considered the merits of the Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Automotive Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 27th day July, 2008.

                                                                           s/ HENRY T. WINGATE  
                                                                           CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:08-cv-162 HTW-LRA  
Memorandum Opinion and Order Dismissing the  
  Plaintiff's Complaint